No. 83-489

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

IN MATTER OF THE MENTAL HEALTH
OF A.G.,
            Respondent.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Truman Bradford, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Marcia Birkenbuel, Great Falls, Montana


        For Respondent:

            Mike Greely, Attorney General, Helena, Montana
            J. Fred Bourdeau, County Attorney, Great Falls,
            Montana

_____

                    Submitted on Briefs:    December 15, 1983

                              Decided:    March 9, 1984


Filed:    MAR 9 - 1984

_____
                        Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

AG was involuntarily committed to Warm Springs State Hospital after proceedings in the Cascade County District Court. She appeals from the order of commitment. We affirm.

On September 21, 1983, AG approached her brother and repeatedly and continuously asked him if he would kill her. He attempted to take her to the hospital, but when she realized where he was taking her, she jumped out of the moving vehicle. The car was traveling twenty-five miles per hour at this time. AG's intent as she later recounted was to kill herself.

AG survived her jump from the car. At the request of her brother, the Cascade County Attorney's office filed a petition to adjudge the appellant seriously mentally ill. The District Court ordered that AG submit to an examination by Dr. Ronald Hughes, a psychiatrist. This doctor testified that AG suffered from a psychotic mental disorder which he tentatively diagnosed as schizo-affective schizophrenia. When asked at trial whether AG suffered from a serious mental illness, Dr. Hughes replied, yes, and explained himself as follows:

> "Well, certainly at the time she was admitted to the hospital she was self-destructive, although she denied that she was making an active attempt upon her own life, she would certainly accept any way or method that would do it for her, and she most likely would not care for herself properly, and she could possibly do something that would seriously jeopardize her safety. I feel that she also lacks the ability to care for herself in a way that is practical and conducive to her long-term good health."

AG in this appeal contests the trial court's finding that she was seriously mentally ill. Such a finding is a

2

prerequisite to commitment to our state hospital under section 53-21-127, MCA. "'Seriously mentally ill' means suffering from a mental disorder which has resulted in self-inflicted injury or injury to others or the imminent threat thereof or which has deprived the person afflicted of the ability to protect his life or health." Section 53-21-102(14), MCA.

Under the plain meaning of the statute, AG was properly found seriously mentally ill. The finding is consistent with the testimony of the examining physician on her condition and there can be no doubt that this condition "resulted in self-inflicted injury." The appellant's attempted vehicular suicide was sufficient grounds for commitment, and we need not reach the questions of whether AG posed a threat to others or was able to care for herself.

Appellant suggests that the State failed to meet the standard of proof required in civil commitment hearings. The particular standard for evidence of imminent threat of self-inflicted injury is "overt acts, sufficiently recent in time as to be material and relevant as to the [person's] present condition." Section 53-21-126(2), MCA. AG's disorder has resulted in actual self-inflicted injury, rather than the threat thereof; it is inherently reasonable to apply the same standard of proof. This standard was satisfied in the present case. Appellant jumped out of a moving car with the intent to kill herself. This overt act more than satisfies the relevant standard of proof.

The order of the District Court is affirmed.

_____
Chief Justice

3

We concur:

_John Conway Harrison_

_Daniel J. Shea_

_John G. Sheehy_

_Paul B. Morrison_
Justices